1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

JAMES KENNETH MORGAN and KAY
ELAINE MORGAN,

Plaintiffs,

v.

AGCO CORPORATION, *et al.*,

Defendants.

CASE NO. C07-1656 RSM

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND

15

16

17

18

19

This matter comes before the Court on plaintiffs' Motion to Remand Case to State Court.  (Dkt. #9).  Plaintiffs argue that this case should be remanded because all defendants did not consent to removal.  Alternatively, plaintiffs argue that defendants have failed to demonstrate the existence of subject matter jurisdiction.

20

21

22

23

24

25

Defendant Viad Corporation ("Viad"), who originally filed the notice of removal to this Court, responds that it was unable to obtain consent from all defendants because it did not have actual notice that the non-consenting defendants had been served.[1]  Defendant Viad also argues that the claims arise out of exposure to asbestos at a Puget Sound Naval Shipyard, thereby creating federal enclave jurisdiction.  In addition, defendant Nash Engineering Company ("Nash") responds that it was incorrectly sued under the name "Gardner Denver

26

27

28

[1] Defendants Viking Pump, Inc. and Weil Pump Co. join defendant Viad's response to plaintiff's motion to remand.  (Dkt. #93).

ORDER
PAGE - 1

1   Nash, LLC f/k/a The Nash Engineering Company." Nash indicates that Gardner Denver

2   Nash, LLC was never formerly known as the Nash Engineering Company. Therefore Nash

3   argues that consent of Gardner Denver Nash, LLC was not required.

4        Having reviewed plaintiffs' motion, defendants' responses, plaintiffs' reply, the

5   declarations and exhibits attached thereto, and the remainder of the record, the Court hereby

6   finds and ORDERS:

7        (1)  Plaintiffs' Motion to Remand Case to State Court (Dkt. #9) is GRANTED. It is

8   well-established that removal jurisdiction is statutorily and strictly construed. *Gould v.*

9   *Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Furthermore, in order

10  for multiple defendants to properly remove a case to federal court under 28 U.S.C. § 1446, all

11  defendants must consent to removal. *See Wisconsin Dept. of Corrections v. Schacht*, 524

12  U.S. 381, 393, 118 S.Ct. 2047 (1998) (Kennedy, J., concurring); *see also Ely Valley Mines,*

13  *Inc. v. Hartford Acc. and Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981) ("[A]ll defendants

14  who may properly join in the removal petition must join."). This "rule of unanimity" applies

15  regardless of whether the removing parties predicate federal subject matter jurisdiction on

16  diversity or federal question. *Borden v. Blue Cross and Blue Shield of Western New York*,

17  418 F.Supp.2d 266, 270 (W.D.N.Y. 2006) (citations omitted). However, the "rule of

18  unanimity" is excused where the non-joining defendants have not been served with service of

19  process when the notice of removal was filed. *See, e.g., Emrich v. Touche Ross & Co.*, 846

20  F.2d 1190, 1193 n. 1 (9th Cir. 1988) (noting that the rule applies "only to defendants properly

21  joined and served in the action").

22       In the instant case, defendant Cla-Val Company ("Cla-Val") clearly did not consent to

23  removal. It is undisputed that defendant Cla-Val sent a letter to plaintiffs counsel on October

24  11, 2007 that states, "please be advised that Cla-Val Company does not consent to the

25  removal of the above-referenced case to federal court." (Dkt. #10, Declaration of Thomas

26  Owens, Exhibit C). Additionally, defendant Cla-Val was properly served on September 18,

27  2007. Defendant Viad filed its notice of removal on October 5, 2007. Therefore the

28  exception to the "rule of unanimity" does not apply because defendant Cla-Val was properly

ORDER
PAGE - 2

1  served before defendant Viad filed its notice of removal.

2          Nevertheless, defendant Viad asks the Court to "relax ever so slightly the rule of

3  unanimity" because Viad did not have actual notice that defendant Cla-Val had been served

4  until October 7, 2007, two days after it filed its notice of removal.  However, given that this

5  Court must strictly construe removal jurisdiction, the undisputed fact that defendant Cla-Val

6  was served on September 18, 2007 provides the Court with the requisite justification to

7  preclude removal regardless of whether defendant Viad had actual notice.  In any event,

8  defendant Cla-Val has still not consented to removal.  Consequently, the Court finds that

9  defendant Viad's notice of removal was defective.  The Court finds it unnecessary to address

10  the parties' respective arguments regarding federal enclave jurisdiction.

11          (2)  This case is hereby REMANDED to King County Superior Court.

12          (3)  The Clerk SHALL close this file and send a certified copy of this Order to the

13  Clerk of Court for the King County Superior Court.  The Clerk shall also send uncertified

14  copies of this Order to all counsel of record.

15

16          DATED this 8th day of November, 2007.

17

18                                                      RICARDO S. MARTINEZ
                                                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

ORDER
PAGE - 3